RECEIVED

AUG 1 7 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CHRISTOPHER QUINNEY | CIVIL ACTION NO. 09-1776 |
| VERSUS | JUDGE DOHERTY |
| SHELL EXPLORATION & PRODUCTION COMPANY and HELMERICH & PAYNE INTERNATIONAL DRILLING CO. | MAGISTRATE JUDGE HILL |

## RULING

Currently pending before this Court is a Motion for Summary Judgment [Doc. 30] filed by defendant, Helmerich & Payne International Drilling Co. ("H&P").[1] In its motion, defendant argues plaintiff cannot produce admissible evidence sufficient to carry his *prima facie* burden for his claim of negligence against H&P. More specifically, H&P argues it is entitled to summary judgment in its favor, because H&P, as an independent contractor who exercised no "operational control" over the activity giving rise to plaintiff's injuries, owes no duty to plaintiff, the employee of another independent contractor.[2] Alternatively, H&P argues that assuming it did owe a duty to plaintiff (which H&P disputes), it did not breach its duty.

---

[1] Jurisdiction exists in this matter pursuant to 28 U.S.C. 1331 (federal question), by way of the Outer Continental Shelf Lands Act, 43 U.S.C. 1331, *et seq.* All parties agree Louisiana law applies, as the accident occurred on a drilling platform in the Gulf of Mexico, off the coast of Louisiana.

[2] To the extent defendant argues as a matter of law, "one independent contractor of the principal does not owe a duty to an employee of another independent contractor of the same principal," the Court finds defendant's statement of law to be overly broad. [Doc. 30-1, pp. 7-8] *See cases cited by defendant, e.g.* Landry v. Huthnance Drilling Co., 889 F.2d 1469, 1471 (5th Cir. 1989) ("We need not decide whether an independent contractor may be sued by the employee of another independent contractor because the elements which establish liability under the operational control test are lacking."); Evans v. Shell Oil Co., 1992 WL 193544, *2 (discussing the "*general rule* that one employing an independent contractor . . . is *normally* not under a duty to take affirmative action to protect the employees of that independent contractor from injury in the course of the contracted for work.")(Emphasis added).

This matter involves a suit brought by plaintiff Christopher Quinney, a crane mechanic employed by Seatrax, Inc. ("Seatrax"). [Doc. 1, ¶3] Plaintiff alleges his left thumb was crushed, resulting in amputation of the distal and proximal phalanges, due to a workplace accident. [Doc. 36, p.1] More specifically, on October 12, 2008, plaintiff was working on a damaged crane (the "#3 crane") located on the "URSA," a tension leg platform owned by Shell Exploration & Production Company ("Shell"). [Doc. 30-1, p.5] Shell hired Seatrax to repair the boom section of the crane. [Id.] H&P, the drilling operator on the platform, "provided crane support to assist Seatrax and Shell in moving items associated with the repair of the #3 crane." [Doc. 36-4, p.2] While attempting to replace the damaged boom, according to plaintiff, "the swaying suspended boom [which was suspended by the #2 crane, which was operated by H&P] caught the end of his glove and pulled his hand in between the two boom sections, crushing and severing his left thumb in the process." [Doc. 36, p.6]

With regard to whether or not H&P exercised "operational control" over the activity giving rise to plaintiff's injuries, the Court finds the information placed before it is insufficient to make that determination. No contract has been provided, and the deposition testimony cited by counsel is insufficient for the Court to make this determination at this juncture. However, the Court finds regardless of whether or not H&P exerted operational control in this venture, it would seem, on its face, it nevertheless had a duty to exercise reasonable care in the noted performance of its "crane support [services] during the installation of the boom section. . . ." [Doc. 30-2, ¶6]. *See e.g.* Morgan v. Hercules Drilling Co., LLC, 2011 WL 2793229, *6 (J. Doherty); Crane v. Exxon Corp., U.S.A., 613 So.2d 214; Carlin v. Rapides Parish Police Jury, 584 So.2d 337, 337 (La. 3rd Cir. 1991). Consequently, the Court finds a genuine issue of material fact exists as to whether H&P was in

breach of duty owed in light of the disputed facts and H&P's involvement and conduct, and the parties dispute of the facts surrounding the occurrence.

For the foregoing reasons, the defendant's Motion for Summary Judgment [Doc. 30] is DENIED.

With regard to plaintiff's request for partial summary judgment against H&P pursuant to Fed.R.Civ.P. 56(f)(1)[3], the Court GRANTS the request to the extent that it has found H&P owed a duty, whatever that might prove to be, to plaintiff to exercise reasonable care in the performance of its contractually assumed "crane support [services] during the installation of the boom section. . . ." [Doc. 30-2, ¶6]

THUS DONE AND SIGNED in Lafayette, Louisiana, this __17__ day of August, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3]Effective December 1, 2010, Fed.R.Civ.P. 56(f)(1) provides:

After giving notice and a reasonable time to respond, the court may:

    (1) grant summary judgment for a nonmovant;

    (2) grant the motion on grounds not raised by a party; or

    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.